[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Appellant John Gadberry fractured and dislocated his right hip in a motorcycle accident in Kentucky. His friends initially transported him to the emergency room of a Kentucky hospital. Hospital personnel took x-rays, and, five hours later, a physician put his hip back into its socket. The following day, the Kentucky hospital transferred Gadberry to a Cincinnati hospital after appellee Dr. Michael J. Rozen, an orthopaedic surgeon, accepted him as a patient. After ordering CT scans, Dr. Rozen performed surgery on Gadberry's hip. The surgery consisted of an open reduction, and internal fixation of the posterior wall of the acetabulum that involved the use of two screws to stabilize the fracture site.
Gadberry sued Dr. Rozen for malpractice, alleging that he had inserted the screws through the fractured bone so that one of them penetrated the bone, entered the joint space, and contacted the head of Gadberry's femur. As a result of the insertion of the screws and Dr. Rozen's failure to identify the penetration, Gadberry claimed that he had suffered bone and cartilage erosion, arthritis, and bone necrosis.
A jury found in favor of Dr. Rozen. Gadberry moved for judgment notwithstanding the verdict or a new trial, contending that the verdict was not sustained by the weight of the evidence. The trial court denied his motions. On appeal, Gadberry raises two assignments of error. In his first assignment, he challenges the trial court's denial of his motion for judgment notwithstanding the verdict. In support of that assignment, Gadberry contends that he was entitled to judgment notwithstanding the verdict because Dr. Rozen had offered only opinion evidence and no factual evidence to impugn the evidence that one of the screws had penetrated Gadberry's hip joint and abraded an area in his femur. In his second assignment, Gadberry argues that the trial court erred by excluding his expert's opinion on the probability of suffering avascular necrosis from a delay in reducing a hip displacement.
In reviewing a trial court's ruling on a motion for judgment notwithstanding the verdict, we must "construe the evidence most strongly in favor of the nonmoving party, and where there is substantial evidence to support that side of the case, upon which reasonable minds could reach different conclusions, the motion must be overruled."[1] Issues of weight of the evidence or credibility of the evidence are improper considerations for the trial court or a reviewing court.[2]
First, we must assume that Gadberry's physician testified that one of the screws had penetrated the acetabulum. This is because the transcript of the physician's deposition is not part of the record before us. Moreover, the questions posed by Dr. Rozen's counsel to his expert supports such testimony, as does Dr. Rozen's own testimony about his conversation with Gadberry's physician and an admitted exhibit. But, even if we assume penetration, Dr. Rozen's expert testified that the insertion of the screws was appropriate and within accepted standards of orthopaedic practice. He testified that the fact that a screw had subsequently penetrated the head of the femur could have been caused by reabsorption of the bone and the attendant settling and migration of the screw. He also testified that if the screw had impinged on the head of the femur, it would not have caused all the damage indicated in Gadberry's right hip. We hold that reasonable minds could have differed as to whether Dr. Rozen had committed medical malpractice. We overrule Gadberry's first assignment.
In his second assignment, Gadberry contends that the trial court erred to his prejudice by striking the answer to one question propounded to his expert. We cannot sustain this assignment. Gadberry filed a videotape of his medical expert's deposition in the trial court. At oral argument, Gadberry's counsel stated that certain portions of the videotape viewed by the jury had been erased before being shown to the jury. The transcript of the proceedings contains the trial court's explanation to the jury that the videotape of at least one deponent had been edited. The videotape in the record has not been edited, and Gadberry has failed to provide us with a transcript of the videotape, as seen by the jury, containing the judge's rulings on objections and motions to strike. Further, App.R. 9(A) requires counsel to transcribe any portions of videotape necessary for the reviewing court to determine the questions presented and append the transcript to counsel's brief.[3] Without the deposition transcript, we are unable to verify what the trial court struck. "When portions of the transcript necessary for the resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm."[4] Parenthetically, though, we believe in this case that the allegedly stricken testimony was, at most, a close call by the trial court, and not reversible error in any event. We overrule Gadberry's second assignment.
Therefore, we affirm the judgment of the trial court. Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Gorman, P.J., Hildebrandt and Painter, JJ.
[1] See Pelletier v. Rumpke Container Service (2001), 142 Ohio App.3d 54,60, 753 N.E.2d 958, 963.
[2] See id.
[3] See Jamison v. Schrenker (Nov. 5, 1986), Hamilton App. No. C-850887, unreported.
[4] See Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197,199, 400 N.E.2d 384, 385.